# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHELDON WILLIAMS and FABYONNE WILLIAMS,<br>　　　　Plaintiffs,<br><br>　　v.<br><br>DIVI RESORTS, INC., DIVI HOTELS MARKETING, INC., and DIVI PHOENIX, N.V.,<br>　　　　Defendants. | Civil Action No. 15-710<br><br>Magistrate Judge Robert C. Mitchell |

## MEMORANDUM OPINION and ORDER

Presently pending is the Motion to Dismiss filed on behalf of two[1] of three named defendants, Divi Resorts, Inc. ("Resorts") and Divi Hotels Marketing, Inc. ("DHMI"), pursuant to Fed. R. Civ. P. 12(b)(6). [ECF No. 9]. For the reasons set forth herein, we will grant the motion and dismiss the Amended Complaint as to Defendant Resorts, and deny the motion as to defendant DHMI.

**I. Background**

Plaintiffs Sheldon Williams and his wife Fabyonne Williams, residents of Homestead, Pennsylvania filed an Amended Complaint on June 30, 2015 arising out of injuries he sustained in a slip and fall in Aruba. [ECF No. 2]. Mr. Williams alleges negligence and seeks damages for knee and shoulder injuries (Count I); his wife seeks damages for loss of services (Count II). Three entities are named defendants. All are alleged to own, operate and/or control time shares and vacation resorts, including the Divi Aruba Phoenix Beach Resort located at J.E. Irausquin Boulevard 75, Palm Beach, Aruba, where plaintiff was injured. [ECF No. 2 at ¶¶ 1, 4]. On October 1, 2013, Defendants DHMI and Resorts filed a Motion to Dismiss the Amended

---

[1] One entity, Defendant DIVI Phoenix, N.V. has not moved to dismiss, nor does it appear, has it been served.

Complaint, to which Plaintiffs have responded. The matter has been fully briefed and is ripe for disposition.

We have jurisdiction pursuant to 28 U.S.C. § 1332.

## II. Legal Standard

A defendant moving to dismiss under Fed. R. Civ. P. 12(b)(6) bears the burden of proving that the plaintiff has failed to state a claim for relief. *See* Fed. R. Civ. P. 12(b)(6); *see also, e.g., Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). To survive a Rule 12(b)(6) motion, the complaint must contain sufficient factual matter, accepted as true, to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

As the Supreme Court stresses, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action . . . do not suffice." *Id.* Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555. In the wake of *Twombly* and *Iqbal,* our Court of Appeals laid out a two-part test to apply when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6):

First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (internal citations omitted).

In deciding a motion to dismiss, we may consider "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record," and any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefits Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993).

With this standard in mind, we now turn to the allegations in the Amended Complaint.

### III. Allegations in the Amended Complaint

On June 29, 2013, Plaintiffs, who are members of a timeshare through another unnamed company, arranged to use the reciprocity which exists between that company and Divi Phoenix N.V., Resorts and DHMI to enjoy a vacation at the Divi Aruba Phoenix Beach Resort in Aruba. [ECF No. 2 at ¶ 12]. On June 30, 2013, Mr. Williams notified officials/employees of the Divi Aruba Phoenix Beach Resort that water had accumulated on the floor outside of Room 1402 where he and his family were guests of the Defendants. [ECF No. 2 at ¶ 13]. The next day, Mr. Williams slipped and fell within the confines of his room and was injured. [ECF No. 2 at ¶ 14]. It is alleged that water from a leak in a pipe within a utility closet across the hallway from their room had flowed underneath the door and puddled inside the room where he had fallen. [ECF No. 2 at ¶ 15, 16]. Mr. Williams alleges that his fall was directly and proximately caused by the negligence of the defendants, who failed to maintain the premises n a matter consistent with protecting the safety of its guests, despite having been notified of the water in the hallway outside his room, and, in addition, failed to disclose or warn of the leak, and failed to maintain a policy or plan of action to address guests complaints concerning dangerous conditions. [ECF No. 2 at ¶ 19].

On November 17, 2015 pursuant to Fed. R. Evid. 201, we entered an order granting defendants' request, which plaintiffs did not oppose, that we take judicial notice of certain documents, specifically, an original and translated version of a long-term lease recorded in Aruba and the Articles of Incorporation recorded by Divi Phoenix. [ECF No. 19].

Defendants argue that there are no allegations that support a claim that either of these defendants had a duty in respect to the physical condition of the building. They argue that a recorded lease establishes that Divi Phoenix has the long-term lease hold property rights as to the property, and that neither of the moving defendants is a party to the long-term lease hold agreement. They further argue that the Consulting, Reservation, Marketing and Loan Services Agreement (not subject to judicial notice but attached to their motion) establishes their relationship with the resort "has to do with marketing guests to stay at the resort or purchase time shares, and provide services related to loans for the time shares." [ECF No. 9 at ¶ 15]. The License agreement, they contend, merely provides Divi Phoenix N.V. the right to use certain branding images and trademarks owned by DHMI.

**IV. Discussion**

At the outset, we note that Plaintiffs concede that upon review of the documentation provided by DHMI, "dismissal of DIVI Resorts, Inc. is warranted and appropriate." [ECF No. 15 at ¶ 7]. We will accordingly enter an order dismissing Defendant DIVI Resorts, Inc. from this action with prejudice.

As to Defendant DHMI, the issue remains in dispute. In our view the degree of ownership, operation or management of the subject property on the part of DHMI is unclear, but adequately pled, and better decided upon further discovery and briefing. Plaintiffs set forth in paragraphs 6 and 11 of the Amended Complaint that DHMI "provides management services for

4

the facility located at Divi Aruba Phoenix Beach Resort" and "as the owners, controllers and managers of Divi Aruba Phoenix Beach Resort, were responsible for the condition of the premises of the Aruba resort." [ECF No. 2 at ¶¶ 6, 11].   These allegations allow the court to draw the reasonable inference that the defendant is properly named and duty was properly pled. Whether said management services actually were provided or rise to the level of a legal duty remains to be seen after discovery has been completed.  Despite its blanket reliance on various agreements, by way of those judicially noticed or those attached to their motion, the latter of which we note are outside the pleadings and not relied upon in the Amended Complaint, defendant DHMI has not clarified the matter for the court or met its burden by citing to specific sections in support of its arguments.

Furthermore, we note that Plaintiffs have attached to their response in opposition to the motion to dismiss correspondence they aver was exchanged with DHMI and its representatives in which DHMI stated that it "provides marketing and management services for Divi Phoenix NV d/b/a/ Divi Aruba Phoenix Beach Resort. [ECF No. 15 at ¶10, 12].   These too are matters outside the pleadings and not suited for consideration herein.

AND NOW, to-wit, this 7th day of December, 2015, it is hereby ORDERED, ADJUDGED and DECREED that the Motion to Dismiss [ECF No. 9] is GRANTED as to Defendant Divi Resorts, Inc. and DENIED as to Defendant Divi Hotels Marketing, Inc.

IT IS FURTHER ORDERED THAT the Amended Complaint as to Divi Resorts Inc. is hereby DISMISSED with prejudice.

/s/ ***Robert C. Mitchell***
Robert C. Mitchell
United States Magistrate Judge

Cc: record counsel via CM-ECF